# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50148

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

DOUGLAS MCGUFFEY,

      Plaintiff - Appellant

v.

DAVID BLACKWELL, Individually and in His Official Capacity; GLENN SKEEN, Individually and in His Official Capacity,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-297

Before KING, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Plaintiff Douglas McGuffey appeals the district court's dismissal of his Eighth Amendment excessive-force claim as frivolous. Because we find McGuffey's claim does not lack an arguable basis in law or fact, we REVERSE and REMAND. McGuffey's motion to appoint counsel is DENIED.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50148

## I.

We recite the facts as they appear in the complaint, accepting them as true, as we are required to do at this stage. Douglas McGuffey, proceeding pro se, is a Texas inmate confined in the Hughes Unit. This case centers primarily around an incident that took place on December 10, 2016. On that date, correctional officer Glenn Skeen approached McGuffey while he was in the dining hall waiting in line for dinner and "ran into McGuffey and started to insult him." McGuffey asked Skeen to stop, but Skeen continued to curse at and threaten McGuffey. Later on during the meal, Skeen used a spoon to scoop food from McGuffey's tray and throw it on the floor. Skeen then dropped McGuffey's spoon on the floor and "jabbed him in the right shoulder really hard." McGuffey thereafter developed "a very dark bruise on his right shoulder." McGuffey says multiple inmates witnessed this incident and are willing to verify his account.

McGuffey filed a complaint under 42 U.S.C. § 1983 against Skeen and David Blackwell, the senior warden at Hughes, in their individual and official capacities. He alleged Skeen used excessive force in violation of his Eighth and Fourteenth Amendment rights.[1] He also alleged that Blackwell put him in danger by failing to remove Skeen from dining hall duties, despite his complaints. McGuffey sought damages and an injunction.

On its own initiative and before the defendants had been served, the district court dismissed McGuffey's complaint as frivolous under 28 U.S.C. § 1915(e). It first concluded that the damages claims against defendants in their official capacities were barred by the Eleventh Amendment. Next, it concluded that McGuffey's claim against Blackwell failed because he did not

---

[1] McGuffey's initial complaint also details a later incident between Skeen and Joe Louis Robinson, another inmate who was originally a plaintiff in this case. The district court severed Robinson's claims from McGuffey's. Only McGuffey's suit is presently before us.

2

allege facts suggesting any causal connection between Blackwell's conduct and the violation of McGuffey's constitutional rights. Finally, turning to McGuffey's excessive-force claim against Skeen, the district court concluded that McGuffey's allegations of verbal harassment could not state a claim for excessive force. And it held that Skeen's jabbing of McGuffey's shoulder was not actionable because Skeen caused only de minimis injuries, which, the district court concluded, are not constitutionally cognizable. McGuffey appeals, challenging the dismissal of his excessive-force claim against Skeen.[2] He has also sought appointment of counsel in a separate motion that has been carried with the case.

## II.

The question before us is whether the district court erred in dismissing McGuffey's excessive-force claim against Skeen as frivolous. A district court may dismiss a claim brought by a prisoner proceeding in forma pauperis "at any time" if it determines that the claim "is frivolous or malicious." § 1915(e)(2)(B)(i). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We review dismissals under § 1915(e)(2)(B)(i) for abuse of discretion. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). "[A]n abuse of discretion standard does not mean a mistake of law is beyond appellate correction, because [a] district court by definition abuses its discretion when it makes an error of law." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (second alteration in original) (quoting *Superior Crewboats, Inc. v. Primary P & I*

---

[2] In his brief on appeal, McGuffey only discusses his excessive-force claim against Skeen. As he does not discuss his claims against Blackwell, we treat those claims as waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))).

No. 18-50148

*Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334 (5th Cir. 2004)).

McGuffey claims that Skeen used excessive force against him in violation of the Eighth Amendment. Eighth Amendment excessive-force claims center around "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Several factors inform this inquiry, including:

1. the extent of the injury suffered;

2. the need for the application of force;

3. the relationship between the need and the amount of force used;

4. the threat reasonably perceived by the responsible officials; and

5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

The district court concluded that McGuffey's excessive-force claim was frivolous because Skeen's use of force resulted only in a bruise to McGuffey's arm. An injury of such a degree, the district court held, cannot substantiate a claim of excessive force. We disagree. Although "the absence of serious injury is quite relevant to an excessive force inquiry," that alone "does not . . . preclude relief." *Id.* As the Supreme Court has clarified on two occasions, the question centers not around "whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7); *see also Hudson*, 503 U.S. at 7 ("The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."). To be sure, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). Nonetheless, "[i]njury and force . . .

4

are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at 38.

The district court therefore erred in concluding that McGuffey's excessive-force claim was frivolous for the mere reason that he received only a bruise following Skeen's jab. To dismiss an excessive-force claim as frivolous, a district court may not simply note the plaintiff's injury, find a case involving a similar injury, and stop. Instead, the district court must go through the analysis discussed above, considering injury as only one facet of a broader inquiry.

Making this broader inquiry, McGuffey's claim plainly has at least some basis in law or fact. Although the injury suffered by McGuffey was not substantial, other factors weigh in his favor: nothing in the complaint suggests that McGuffey posed any threat to Skeen, nor does it appear from the complaint that the force Skeen used was otherwise necessary. We express no opinion on the ultimate merits of this question. Instead, we say only that McGuffey's claim as pled is not frivolous. And because dismissal below was for frivolity, we must reverse.[3]

---

[3] McGuffey has also requested that this court appoint him counsel. Because McGuffey has successfully argued his case without the assistance of counsel, we deny his motion. *See Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (listing among factors relevant to appointment of counsel in a civil case, "whether the indigent is capable of adequately presenting his case" (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982))). We express no view on whether the district court should grant the motion for appointment of counsel filed by McGuffey below, which remained pending at the time McGuffey filed this appeal.

No. 18-50148

## III.

For the reasons set forth above, the judgment of the district court is REVERSED and REMANDED. McGuffey's motion to appoint counsel is DENIED.